UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                           Case No. 12-20607
                                                   Honorable Thomas L. Ludington

v.

D-3    GARY L. WILSON,
D-4    SUE A. WILSON,

       Defendants.
                                   /

**OPINION AND ORDER REGARDING ADVICE OF ACCOUNTANT DEFENSE**

Defendants Gary Wilson and Sue Wilson were indicted, along with Robert Pochmara and Maxine Pochmara, on charges that they conspired to defraud the United States in violation of 18 U.S.C. § 371 (Count I), and that they made or caused false statements to be made to the Social Security Administration regarding the true identity of a person earning wages in violation of 42 U.S.C. § 408(a)(6) (Count III).[1] The trial concerning these charges is set to commence May 21, 2013. The Wilsons communicated at the final pretrial conference that they intend to assert they relied upon the advice of their accountant, Jerome Kieliszewski, in defense to the charges against them, and anticipate requesting an appropriate jury instruction related to that defense.

**I**

The government alleges that both the Pochmaras and the Wilsons conspired together to defraud the government through false statements to the Social Security Administration.[2]

---

[1] The Wilsons were not charged in Count II of the indictment. Both Robert and Maxine Pochmara have plead guilty to all three charges in the indictment.

[2] The government also alleges that Mr. Kieliszewski is "considered to be an unindicted co-conspirator" as well, as "[t]he available evidence indicates that Kieliszewski was knowingly complicit in the crimes charged against the defendants." Pl.'s Supp. Br. 3 n.3, ECF No. 48.

From sometime in 1998 to approximately March of 2009, Robert Pochmara worked at the Wilsons' Napa Auto Parts store in Rogers City, Michigan. Throughout this period, he was receiving disability retirement benefits from the United States Railroad Retirement Board, and he was obligated to report any earnings he received to that agency.

But, according to the government, Gary and Sue Wilson paid Robert Pochmara for his work with checks made payable to his wife, Maxine Pochmara. In this way, the government argues that the Wilsons caused the wages earned by Robert to be reported to the Internal Revenue Service and Social Security Administration under Maxine's name and social security number. This enabled Robert to conceal his earnings from the Railroad Retirement Board and continue to receive disability benefits as if he was not working.

The factual background to the case was summarized by Sue Wilson on November 3, 2008 and December 10, 2008 in two responses to inquiries sent by the Office of Inspector General for the Railroad Retirement Board. *See* Pl.'s Proposed Exs. 24(A)–(B), 25. Mrs. Wilson responded in her capacity as the Secretary-Treasurer for the Wilsons' Napa Auto Parts store. The inquiry from the Railroad Retirement Board explained that its files "indicate the individual named above," Robert Pachmara, "has been employed by you." Pl.'s Proposed Ex. 24(A). It goes on to explain that Mr. Pochmara receives disability benefits that are "subject to a monthly earnings limitation" and thus the Railroad Retirement Board needed to know the months Robert worked at the Wilsons' Napa Auto Parts store and his earnings for those months. *Id.*

Mrs. Wilson responded to the Railroad Retirement Board's inquiry by explaining that on January 5, 1998, the sole shareholder of GW & SW, Inc., Gary Wilson, sold a minority share of stock in the corporation (45 shares) to Maxine and Robert Pochmara, husband and wife, for $70,000. Pl.'s Proposed Exs. 24(B), (C). GW & SW, Inc. is the corporation that officially did

business as the Wilsons' Napa Auto Parts store. Mr. Wilson remained the owner of the majority of shares of stock in GW & SW, Inc. (retaining 55 shares).

Mrs. Wilson acknowledged in her November 3, 2008 response that Mr. Wilson and Mr. Pochmara "are store managers, working equal hours," Pl.'s Proposed Ex. 24(B), and that between January of 2003 through December of 2007 Mr. Pochmara's gross earnings were approximately $159,000, Pl.'s Proposed Ex. 24(A), at 2.

Mrs. Wilson's December 10 response, however, explains that payroll checks were not issued to Mr. Pochmara for his labor, but were instead issued to his wife, because "Robert Pochmara works on behalf of Maxine Pochmara." Pl.'s Proposed Ex. 25, at 2.

Finally, Mrs. Wilson indicated that Maxine Pochmara received the payroll checks not only because Robert worked on her behalf, but also because the earnings were for "stockholders shares." Pl.'s Proposed Ex. 24(B). But her response does not indicate any similar payments to Gary Wilson as the majority shareholder. Indeed, the government contends that there is independent evidence that the shares were sold on March 24, 2009 for $90,000.

Despite these facts, the Wilsons maintain that they simply relied upon Mr. Kieliszewski's advice that reporting Robert's income to Maxine in this manner was lawful, and accordingly, did not possess the requisite *mens rea* to commit the charged crimes.

## II

The general rule that ignorance of the law or a mistake of law "is no defense to a criminal prosecution" has existed for centuries. *Cheek v. United States*, 498 U.S. 192, 199 (1991) (collecting cases). The rule is rooted in the common-law notion that "the law is definite and knowable." *Id*. However, "[t]he proliferation of statutes and regulations has sometimes made it difficult for the average citizen to know and comprehend the extent of the duties and obligations

imposed by the tax laws." *Id*. at 199–200. In response, Congress has "softened the impact of the common-law presumption by making specific intent to violate the law an element of certain federal criminal tax offenses." *Id*. at 200.

Indeed, in certain cases, "reliance on the advice of an accountant can be a defense." *Tollis v. C.I.R.*, 46 F.3d 1132, 1995 WL 35426, at *3 (6th Cir. 1995) (per curiam) (unpublished) (citing *United States v. Boyle*, 469 U.S. 241, 251 (1985); *Jaques v. Comm'r*, 935 F.2d 104 (6th Cir. 1991)). However, "[w]here the statute requires no special training or effort to apply, good faith reliance on the advice of an accountant is not a defense." *Tollis*, 46 F.3d 1132, 1995 WL 25426, at *3 (citing *Boyle*, 469 U.S. at 252).

The government alleges that the Wilsons made checks payable to Maxine Pochmara for work done by Robert Pochmara and reported to the federal government that it was Maxine who earned those wages. Pl.'s Supp. Br. 2–3. The government continues, "[t]he Wilsons caused their accountant to provide annual W-2s to Maxine Pochmara for work that the Wilsons knew had been performed by Robert Pochmara." *Id*. at 3. The government concludes that the Wilsons are not entitled to the defense of reliance on their accountant because their

> legal obligation to accurately report to the Social Security Administration the true identity of the person earning wages at the business, and the corresponding obligation to abstain from providing false information to the United States regarding the regular wage payments and withholdings they made for Robert Pochmara's services at the business, are not ambiguous in any way.

*Id*. For this proposition the government points to *Boyle*: "reliance cannot function as a substitute for compliance with an unambiguous statute." 469 U.S. at 251.[3]

But the Court does not believe that the statutes at issue are so transparent that reliance on an accountant, as a matter of law, cannot be a defense.

---
[3] Defendants do not address this issue in either supplemental brief that has been filed.

**III**

But even if reliance on an accountant is an appropriate defense to the charged conduct here, the Wilsons cannot cross the threshold for asserting such a defense based on the proffer of evidence made by their counsel. Until more is established, a jury instruction regarding the reliance on the Wilsons' accountant is not appropriate.

The Sixth Circuit has observed that the "elements of a 'reliance defense' include: '(1) full disclosure of all pertinent facts, and (2) good faith reliance on the accountant's advice.'" *United States v. Rozin*, 664 F.3d 1052, 1060 (6th Cir. 2012) (quoting *United States v. Duncan*, 850 F.2d 1104, 1116 (6th Cir. 1988)). Where a defendant "either did not provide full information to those he supposedly relied upon, or he had reason to believe that the advice provided by these individuals was incorrect," that defendant cannot "mount a credible good faith reliance defense." *Rozin*, 664 F.3d at 1060. Further, it is "well established that an instruction should not be given if it lacks evidentiary support or is based upon mere suspicion or speculation." *United States v. Lindo*, 18 F.3d 353, 356 (6th Cir. 1994) (quoting *United States v. James*, 819 F.2d 674, 675 (6th Cir. 1987)).

Thus, the Sixth Circuit has held that "a defendant who identifies any evidence supporting the conclusion that he or she has fully disclosed all pertinent facts" to his or her accountant, and then relied "in good faith" on the accountant's advice, "is entitled to a reliance jury instruction." *Lindo*, 18 F.3d at 356.[4] Otherwise, the defense and instruction are not warranted.

The government emphasizes that, from "proffers made by counsel for the Wilsons, and also from the witness lists submitted by the defendants, [] Jerome Kieliszewski is the only witness that the defendants intend to call during the trial." Pl.'s Supp. Br. 4. It is unclear

---

[4] Although *Lindo* dealt with a reliance-on-counsel instruction, its reasoning was based upon *United States v. Duncan*, which dealt with reliance on an accountant. *See* 850 F.2d 1104, 1116 (6th Cir. 1988).

whether Mr. Kieliszewski's testimony alone could satisfy the Wilsons' burden of demonstrating he possessed all of the pertinent information when he provided advice. What is clear, however, is that his testimony, without more, will not be enough to show that the Wilsons actually, and in good faith, relied upon him. So while "the standard of evidence necessary to warrant an instruction cannot include an absolute requirement that the taxpayer must testify, for that would burden the taxpayer's own Fifth Amendment right against self-incrimination," *Lindo*, 18 F.3d at 356 (quoting *Duncan*, 850 F.2d at 1115 n.9), the Wilsons cannot rely on Mr. Kieliszewski's testimony alone. There must be evidence they provided him all the pertinent facts for making disclosures to the government, and evidence to demonstrate they relied upon his advice in good faith. Unless the Wilsons can provide this evidence, either through their testimony or that of another, there is no foundation for Mr. Kieliszewski's testimony.

Dated: May 14, 2013

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 14, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS